KELCH, Appellant,

v.

AMERICAN COMMUNITY MUTUAL INSURANCE COMPANY et al., Appellees.

[Cite as *Kelch v. Am. Community Mut. Ins. Co.* (1994), 97 Ohio App.3d 212.]

Court of Appeals of Ohio,
Franklin County.

No. 94APE04–473.

Decided Sept. 20, 1994.

*Tobias H. Elsass* and *Thomas C. Drabick, Jr.,* for appellant.

*Vorys, Sater, Seymour & Pease, Anthony J. O'Malley* and *Michael N. Barnett,* for appellee American Community Mutual Insurance Company.

*Nims & Bolon* and *Ronald Nims,* for appellee Edwin Overmeyer.

---

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Benjamin P. Kelch, appellant, from the March 10, 1994 judgment entry of the Franklin County Court of Common Pleas which granted summary judgment in favor of American Community Mutual Insurance Company ("ACMIC"). Appellant sets forth the following assignment of error on appeal:

"The trial court erred as a matter of law when it granted appellee's motion for summary judgment when issues of material facts existed on the record."

On April 24, 1991, appellant submitted an application seeking medical insurance with ACMIC. Question 7(K) specifically asked appellant if he used alcohol in any form. In response thereto, appellant indicated that he consumed two drinks on a weekly basis. Question 7(L) specifically asked appellant if he had ever consumed alcohol in quantities greater than his response indicated in question 7(K). Appellant indicated that he did not. Question 7(M) specifically asked if appellant "used cannabis, barbiturates, narcotics, hallucinogenic drugs or other controlled substances?", to which appellant indicated that he did not. ACMIC issued a policy of insurance to appellant based upon the information supplied in the application and stressed that it was important that the information be complete and accurate because the eligibility for benefits depended upon the answers. ACMIC did not require that appellant submit to a physical examination or blood test before issuing the policy. ACMIC asked appellant to review the application

carefully and to indicate if it was incomplete or inaccurate in any respect. Appellant reaffirmed the accuracy of the answers provided in the application.

Two months after applying for insurance with ACMIC and one month after confirming that all the information provided in the application was accurate, appellant was admitted to Doctor's Hospital on July 2, 1991 in a comatose state, suffering from septic shock. Appellant was transferred to Harding Hospital after testing positive for drugs. The discharge summary from Harding Hospital confirmed appellant's longstanding drug use and heavy alcohol use.

While processing appellant's insurance claims, ACMIC requested that he complete an alcohol and drug questionnaire. Appellant admitted that he drank two to four wine coolers per day and engaged in binge drinking with two or three bottles of wine once a week. Furthermore, appellant admitted using opiates and cocaine from March 1991 to July 1991 and cannabis (marijuana) from September 1979 to September 1983.

Based upon appellant's medical records and the responses to the alcohol and drug questionnaire, ACMIC determined that a policy of insurance would not have been issued based upon appellant's alcohol and drug use prior to his application for insurance. ACMIC rescinded the insurance policy and returned the premiums to appellant in the amount of $953.

Thereafter, appellant filed a complaint alleging that ACMIC fraudulently and in bad faith rescinded its policy of insurance. ACMIC moved for summary judgment on appellant's claims and on ACMIC's counterclaim seeking a declaratory judgment that the policy was void as a result of appellant's material misrepresentations. The trial court granted ACMIC's motion for summary judgment on appellant's claims and on ACMIC's counterclaim. It is from this entry that appellant appeals to this court.

Summary judgment, Civ.R. 56, is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving all doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. See Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615.

Pursuant to Civ.R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom this motion is made.

The moving party has the burden of showing that there is no genuine issue as to any material fact as to the critical issues. The opposing party has a duty to submit affidavits or other material permitted by Civ.R. 56(C) to show genuine issue for trial. See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

R.C. 3923.14 sets forth the criteria that an insurer must satisfy in order to cancel a health and accident insurance policy and states in pertinent part as follows:

"The falsity of any statement in the application for any policy of sickness and accident insurance shall not bar the right to recovery thereunder, or be used in evidence at any trial to recover upon such policy, unless it is clearly proved [1] that such false statement is willfully false, [2] that it was fraudulently made, [3] that it materially affects either the acceptance of the risk or the hazard assumed by the insurer, [4] that it induced the insurer to issue the policy, and [5] that but for such false statement the policy would not have been issued."

The above test is stated in the conjunctive and, therefore, ACMIC needed to establish all five of the above criteria. Appellant conceded that ACMIC established that appellant's statements regarding his alcohol and drug use materially affected ACMIC's acceptance of the risk, that those statements induced ACMIC to issue the policy, and that, but for appellant's false statements, the policy would not have issued. Therefore, only two elements of the five-part test of R.C. 3923.14 were at issue: (1) whether appellant's statements were willfully false and (2) whether appellant's statements were fraudulently made.

In *Buemi v. Mut. of Omaha Ins. Co.* (1987), 37 Ohio App.3d 113, 524 N.E.2d 183, the Cuyahoga County Court of Appeals dealt with the issue of determining when statements were "willfully false" and "fraudulently made." Upon examination of Ohio law, the court concluded that, when an applicant makes a knowingly false answer to a question on the application, such answer satisfies the statutory requirement that it be "willfully false" and "fraudulently made."

ACMIC attached the insurance application and the alcohol and drug questionnaire to its motion for summary judgment. In his memorandum contra, appellant attached the affidavit of Dr. Fred N. Karaffa who indicated that appellant was in denial of his alcohol and drug use. Specifically, Dr. Karaffa stated as follows:

"Among other things, chronic substance abusers exhibit the following symptoms: an altered state of consciousness with subsequent denial, which causes the chronic substance abuser to be unable to acknowledge the existence of the consequences of their uses."

Further, appellant attached an affidavit wherein he stated that he was confused by the question on the application pertaining to drug use and that he interpreted the question to ask whether he had ever abused these substances. Because he was in denial, appellant maintains that he honestly answered the question that he had not abused those substances as of that date. It is appellant's position that he answered the questions accurately and that any misrepresentation occasioned thereby was a result of the fact that he was in denial of his substance abuse.

The trial court reached the following conclusion concerning the state of the evidence:

"[Appellant] does not deny he used drugs and alcohol. He also does not deny he misrepresented his use on the application. Rather, he states he did not realize his *addiction* to the substances. [Appellant] denied his *abuse* but not his *use*. There is no dispute that [appellant] misrepresented his *use* and he knowingly did so." (Emphasis *sic*.)

This court agrees with the conclusion reached by the trial court. Dr. Karaffa's affidavit states that chronic substance abusers are in denial and are unable to acknowledge the existence of the consequences of their uses. His affidavit does not state that a chronic substance abuser denies the fact that he uses a particular substance; instead, the chronic substance abuser denies that he has a substance abuse problem. There is a distinct difference between admitting that you use a substance and admitting that you abuse a substance. Based upon that distinction, ACMIC established that appellant knowingly made false statements on the insurance application and the trial court correctly granted summary judgment in favor of ACMIC.

Appellant's sole assignment of error is not well taken and is overruled.

Based on the foregoing, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

PEGGY BRYANT and TYACK, JJ., concur.